McIlvaine, J.
The contention of the plaintiff in error is, that the failure of De Forrest & Son, at the time of making the purchase, to disclose the fact that their liabilities were largely in excess of the value of their assets, was, in law, such a fraud upon the plaintiff’ as warranted him in avoiding the contract, and reclaiming the goods.
An intention on the part of the purchaser of goods not to pay for them, existing at the time of purchase, and concealed from the vendor, is, unquestionably, such a fraud as will vitiate the contract. But it is as certainly true, on the *165 other hand, that, where no such fraudulent intent exists, the mere fact that the purchaser has knowledge that his debts exceed his assets, though the fact be unknown and undisch sed to the vendor, will not vitiate the purchase.
"Whether, therefore, a contract of purchase, where the purchaser fails to disclose his known insolvency, is fraudulent or not, depends on the intention of the purchaser; and whether that intention was to pay or not to pay, is a ■question of fact, and not a question of law.
In the solution of this question, though it be one of fact, it is true, however, that certain presumptions arise, which are entitled to consideration and force. Thus, while it may be said that fraud must he proved, and will not be presumed, there is a presumption that every reasonable person anticipates and intends the ordinary and probable consequences of known causes and conditions. Hence, if a purchaser of goods has knowledge of his own insolvency, and of his inability to pay for them, his intention not to pay ■should be presumed. I would go a step farther, and hold that an insolvent purchaser, without reasonable expectations of ability to pay, should be presumed to intend not to pay. Indeed, I would not deny that an intention not to pay might be inferred from the mere fact that the purchaser had mi disclosed knowledge of his gross insolvency; hut, in such case, the inference may be rebutted by other facts and circumstances.
It is claimed that, in good morals, a purchaser, knowing himself to be insolvent, should not accept credit from one Ignorant of the fact. , Whether this proposition be true or not, it is enough to say that the law, in its practical morality, does not afford a remedy for the violation of every-moral duty. While, therefore, a purchase of goods by an insolvent vendee, who conceals his insolvency, with intent to injure the vendor, is fraudulent and voidable, yet a purchase under like circumstances, save only that such intent is absent, is not, in law, fraudulent.
If the rule of law be not as stated, and the intent to injure be not of the essence of the fraud in such case, then *166 it would be wholly immaterial whether the insolvency of the purchaser was known to himself 5 and the rule would be that all sales to an insolvent purchaser, where the insolvency is unknown to the vendor, are fraudulent and voidable. For such a rule, no one would contend. All would admit that knowledge by the purchaser of his own-insolvency is necessary to establish the fraud. But such knowledge, of itself, is entirely innocent. It is only where connected with the concealment of the fact, that fraud is-shown. The simple failure to disclose a fact, however, is not equivalent to its concealment. The latter implies a purpose—a design; the former does not. If, then, such knowledge on the part of the purchaser be necessary to make out a fraud, it is because it becomes the predicate of an intent—and intent to injure.
True, the decisions of different courts upon this question-are not uniform. The discrepencies, however, are not so much on the point whether a fraudulent intent on the part of the purchaser is necessary to avoid the purchase, as to-the question of conclusiveness, under the circumstances of each case, of the inference of fraudulent intent, from the-facts that the purchaser had knowledge of his insolvency, and failed to disclose it to the vendor. There is no well-considered case, so far as I have examined the authorities, which holds that fraud is conclusively presumed from these facts alone. Where, in addition, it is shown that the appearance and circumstances of the purchaser indicate solvency and wealth, there are cases which hold the inference-of fraudulent intent to be conclusive. Of course, we admit that if the appearance of solvency be assumed for the purpose of deceiving, as in 1 Root, 58, the existence of fraud, is actually shown; but, we think that where such appearance is entirely innocent, the question of the existence of fraud is still open to further inquiry.
From these views, how stands the ease before us ? At the date of the contract, De Forrest & Son were largely insolvent. They had knowledge of the fact, and did not disclose it to the plaintiff, who was ignorant.of it. They were *167 also in possession of a large stock of merchandise, and were doing an extensive business. Erom these facts, it might well be inferred that they intended to obtain the plaintiff’s goods without paying for them; at least, that they had no reasonable expectation of being able to pay for them at the maturity of their promise. If the court below had so found, we would not disturb the finding; and, for aught that appears, the court would have so found, if no other fact had appeared in the case.
But there was other testimony, tending to prove that De Forrest & Son did, in fact, intend to pay for the goods, according to the terms of their agreement, and that, under all the circumstances, they might reasonably have expected to be able to do so. It is quite sure that they could not reasonably have expected to be able, at that time, to pay all their indebtedness; but, in our opinion, it was not essential to the good faith of the transaction, that there should have been reasonable grounds for the latter expectation; it was enough, if they reasonably expected to he able to pay for the goods in question at maturity.
It is quite clear, from the evidence, that the appearances of wealth which surrounded the purchasers were entirely innocent. It maybe that the plaintiff'was misled by these appearances; hut, upon this ground, hé can not complain of fraud. "Where an insolvent merchant is engaged in an honest effort to retrieve his fortunes, the appearance of wealth indicated by his stock in trade is not equivalent to a representation of solvency; and one who gives him credit, without inquiry, has no fight to complain of fraud.
It was the duty of the court of common pleas, discharging the functions of a jury, to weigh all the testimony; ancl .having done so, and found that there was no intent to defraud in the transaction, we, as a reviewing court, can not say that the district court erred in not finding that the judgment of the common pleas was manifestly against the evidence.

Motion overruled.